UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------------------- x

KATHARINE DAWSON, Ph.d.,

<table>
<tr><td></td><td>Plaintiff,</td><td>**ANSWER TO THE AMENDED COMPLAINT**</td></tr>
</table>

-against-

CITY OF NEW YORK, RICHARD CHIN, AND TIMOTHY TIMBERLAKE,

09-CV-5348 (GEL)

Defendants.

-------------------------------------------------------------------------------- x

Defendants, City Of New York, Richard Chin and Timothy Timberlake (collectively "Defendants") by their attorney, Michael A. Cardozo, Corporation Counsel of the City of New York, for their Answer to the Amended Complaint, respectfully allege as follows:

1.     Deny the allegations set forth in paragraph "1" of the Amended Complaint, except admit that plaintiff purports to proceed as set forth therein, and respectfully refer the Court to the cited statutes for a complete and accurate statement of their content and legal import.

2.     Deny the allegations set forth in paragraph "2" of the Amended Complaint, except admit that plaintiff purports to invoke the jurisdiction of the Court as set forth therein.

3.     Deny the allegations set forth in paragraph "3" of the Amended Complaint, except admit that plaintiff purports to state the basis for venue in this Court as set forth therein.

4.     Deny the allegations set forth in paragraph "4" of the Amended Complaint, except admit that plaintiff is currently employed as a teacher by the New York City

Board of Education (hereinafter "BOE") assigned to the Chelsea Campus High School SoHo Communications Arts Academy (hereinafter "Chelsea").

   5.  Deny the allegations set forth in paragraph "5" of the Amended Complaint, except admit that the BOE employs more than 50 persons and respectfully refer the Court to the statutes cited to therein for a complete and accurate statement of their content and legal import.

   6.  Deny the allegations set forth in paragraph "6" of the Amended Complaint, except admit that defendant Timothy Timberlake at one time was employed by the BOE as the Principal of Chelsea.

   7.  Deny the allegations set forth in paragraph "7" of the Amended Complaint, except admit that defendant Richard Chin was at one time employed by the BOE as an Assistant Principal of Organization at Chelsea, and thereafter became the Director of the newly created Arts Academy at Chelsea.

   8.  Deny the allegations set forth in paragraph "8" of the Amended Complaint.

   9.  Deny the allegations set forth in paragraph "9" of the Amended Complaint, except admit that plaintiff was advised by defendant Timberlake in or about November, 2006 that poor attendance may result in an unsatisfactory rating for the 2006 – 2007 academic year.

   10.  Deny the allegations set forth in paragraph "10" of the Amended Complaint.

   11.  Deny the allegations set forth in paragraph "11" of the Amended Complaint.

12.     Deny the allegations set forth in paragraph "12" of the Amended Complaint, except admit that defendant Chin entered plaintiff's classroom in his supervisory capacity and contributed to the class discussion regarding the American Indian population.

13.     Deny the allegations set forth in paragraph "13" of the Amended Complaint.

14.     Deny knowledge or information sufficient to for a belief as to the truth of the allegations set forth in paragraph "14" of the Amended Complaint.

15.     Deny the allegations set forth in paragraph "15" of the Amended Complaint.

16.     Deny the allegations set forth in paragraph "16" of the Amended Complaint.

17.     Deny the allegations set forth in paragraph "17" of the Amended Complaint.

18.     Deny the allegations set forth in paragraph "18" of the Amended Complaint.

19.     Deny the allegations set forth in paragraph "19" of the Amended Complaint.

20.     Deny the allegations set forth in paragraph "20" of the Amended Complaint, except admit that defendant Chin became plaintiff's direct supervisor during the 2005 – 2006 school year.

21.     Deny the allegations set forth in paragraph "21" of the Amended Complaint.

22.     Deny the allegations set forth in paragraph "22" of the Amended Complaint, except admit that on February 12, 2007, defendant Timberlake observed plaintiff's seventh period class and rated plaintiff's lesson as "marginally satisfactory."

23.     Deny the allegations set forth in paragraph "23" of the Amended Complaint.

24.     Deny the allegations set forth in paragraph "24" of the Amended Complaint.

25.     Deny knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "25" of the Amended Complaint.

26.     Deny the allegations set forth in paragraph "25" of the Amended Complaint, except admit that defendant Chin intermittently observed all teachers' classrooms under his supervision and stressed interactive learning in the classroom.

27.     Deny the allegations set forth in paragraph "27" of the Amended Complaint, and respectfully refer the Court to the collective bargaining agreement for a true and accurate statement of its content and legal import.

28.     Deny the allegations set forth in paragraph "28" of the Amended Complaint.

29.     Deny the allegations set forth in paragraph "29" of the Amended Complaint, except admit that defendant Chin had several instructive meetings with plaintiff regarding her performance.

30.     Deny the allegations set forth in paragraph "30" of the Amended Complaint, except admit that defendant Chin detailed concerns with plaintiff's performance in a

letter dated February 12, 2007, signed by plaintiff on February 13, 2007, and that plaintiff responded to said letter via correspondence dated February 22, 2007.

       31.    Deny the allegations set forth in paragraph "31" of the Amended Complaint.

       32.    Deny the allegations set forth in paragraph "32" of the Amended Complaint.

       33.    Deny the allegations set forth in paragraph "33" of the Amended Complaint, except admit that on February 23, 2007, plaintiff filed a Complaint of Discrimination with the BOE's Office of Equal Opportunity (hereinafter "OEO").

       34.    Deny the allegations set forth in paragraph "34" of the Amended Complaint.

       35.    Deny the allegations set forth in paragraph "24"[1] on page eight of the Amended Complaint, except admit that defendant Chin intermittently entered teachers' classrooms in his supervisory capacity and occasionally contributed to the class discussion when appropriate.

       36.    Deny the allegations set forth in paragraph "35" of the Amended Complaint, except admit that defendant Chin intermittently observed all teachers' classrooms under his supervision.

       37.    Deny the allegations set forth in paragraph "36" of the Amended Complaint.

       38.    Deny the allegations set forth in paragraph "37" of the Amended Complaint.

---

[1] Due to what appears to be a typographical error in the Amended Complaint, there are two paragraphs "24."

39.     Deny the allegations set forth in paragraph "38" of the Amended Complaint.

40.     Deny the allegations set forth in paragraph "39" of the Amended Complaint.

41.     Deny the allegations set forth in paragraph "40" of the Amended Complaint, except admit upon information and belief that a grievance was filed with the BOE on behalf of plaintiff.

42.     Admit the allegations set forth in paragraph "41" of the Amended Complaint.

43.     Deny the allegations set forth in paragraph "42" of the Amended Complaint.

44.     Deny the allegations set forth in paragraph "43" of the Complaint, except admit that on March 22, 2007 an investigator from the BOE's OEO interviewed plaintiff regarding her complaint of discrimination.

45.     Deny the allegations set forth in paragraph "44" of the Amended Complaint, except admit that via letter to plaintiff dated March 23, 2007 the DOE's OEO advised plaintiff that her complaint of discrimination would be closed and informed plaintiff of the proposed course of action with respect to defendant Chin.

46.     Deny the allegations set forth in paragraph "45" of the Amended Complaint.

47.     Deny the allegations set forth in paragraph "46" of the Amended Complaint.

48.     Deny the allegations set forth in paragraph "47" of the Amended Complaint.

49.     Deny the allegations set forth in paragraph "48" of the Amended Complaint.

50.     Deny the allegations set forth in paragraph "49" of the Amended Complaint.

51.     Deny the allegations set forth in paragraph "50" of the Amended Complaint.

52.     Deny the allegations set forth in paragraph "51" of the Amended Complaint, except admit upon information and belief that in or about 2004, plaintiff received her doctorate degree in history.

53.     Deny the allegations set forth in paragraph "52" of the Amended Complaint.

54.     Deny the allegations set forth in paragraph "53" of the Amended Complaint, except admit that defendant Chin intermittently observed all teachers' classrooms under his supervision.

55.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "54" of the Amended Complaint with respect to discussion(s) plaintiff had with Jim Ford, and otherwise deny the remaining allegations set forth in paragraph "54" of the Amended Complaint.

56.     Deny the allegations set forth in paragraph "55" of the Amended Complaint, except admit that defendant Chin intermittently observed all teachers' classrooms under his supervision.

57.     Deny the allegations set forth in paragraph "56" of the Amended Complaint, except admit that on October 4, 2007, defendant Chin observed plaintiff's first period class and rated the lesson as "unsatisfactory."

58.     Deny the allegations set forth in paragraph "57" of the Amended Complaint, except admit that plaintiff, accompanied by her Union representative, met with defendant Chin in an effort to address plaintiff's performance.

59.     Deny the allegations set forth in paragraph "58" of the Amended Complaint, except admit that on October 19, 2007, defendant Chin entered plaintiff's class and documented his observations.

60.     Deny the allegations set forth in paragraph "59" of the Amended Complaint, except admit that on October 19, 2007, defendant Chin entered plaintiff's class and documented his observations.

61.     Deny the allegations set forth in paragraph "60" of the Amended Complaint, except admit that on October 22, 2007, defendant Chin entered plaintiff's class and documented his observations.

62.     Deny the allegations set forth in paragraph "61" of the Amended Complaint, except admit that on October 22, 2007, defendant Chin entered plaintiff's class and documented his observations.

63.     Deny the allegations set forth in paragraph "62" of the Amended Complaint, except admit upon information and belief that plaintiff requested permission to attend a professional development course, and said request was granted by defendant Timberlake.

64.     Deny the allegations set forth in paragraph "63" of the Amended Complaint.

65.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "64" of the Amended Complaint.

66.     Deny the allegations set forth in paragraph "65" of the Amended Complaint, except admit that defendant Chin observed plaintiff's lesson related to the visit of representatives from the "Farm Sanctuary" and documented his observations.

67.     Deny the allegations set forth in paragraph "66" of the Amended Complaint.

68.     Deny the allegations set forth in paragraph "67" of the Amended Complaint, except admit that defendant Chin intermittently observed all teachers' classrooms under his supervision.

69.     Deny the allegations set forth in paragraph "68" of the Amended Complaint.

70.     Deny the allegations set forth in paragraph "69" of the Amended Complaint, except admit that defendant Chin intermittently observed all teachers' classrooms under his supervision.

71.     Deny the allegations set forth in paragraph "70" of the Amended Complaint.

72.     Deny the allegations set forth in paragraph "71" of the Amended Complaint.

73.     Deny the allegations set forth in paragraph "72" of the Amended Complaint, except admit that defendant Chin intermittently observed all teachers' classrooms under his supervision.

74.    Deny knowledge or information sufficient to form a belief as to what plaintiff or Mr. Geoffroy noticed or thought, and deny the remaining allegations set forth in paragraph "73" of the Amended Complaint, except admit that defendant Chin intermittently observed all teachers' classrooms under his supervision.

75.    Deny the allegations set forth in paragraph "74" of the Amended Complaint.

76.    Deny the allegations set forth in paragraph "75" of the Amended Complaint, except admit that defendant Chin intermittently observed all teachers' classrooms under his supervision.

77.    Deny the allegations set forth in paragraph "76" of the Amended Complaint.

78.    Deny the truth of the allegations set forth in paragraph "77" of the Amended Complaint.

79.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "78" of the Amended Complaint.

80.    Deny the allegations set forth in paragraph "79" of the Amended Complaint, except admit that defendant Chin intermittently observed all teachers' classrooms under his supervision.

81.    Deny the allegations set forth in paragraph "80" of the Amended Complaint.

82.    Deny the allegations set forth in paragraph "81" of the Amended Complaint.

83.     Deny the allegations set forth in paragraph "82" of the Amended Complaint.

84.     Deny the allegations set forth in paragraph "83" of the Amended Complaint, except admit that on January 8, 2008, defendant Chin observed plaintiff's first period class.

85.     Deny the allegations set forth in paragraph "84" of the Amended Complaint.

86.     Deny the allegations set forth in paragraph "85" of the Amended Complaint.

87.     Deny the allegations set forth in paragraph "86" of the Amended Complaint, except admit that plaintiff's post-observation meeting with defendant Chin was not held on January 8, 2008.

88.     Deny the allegations set forth in paragraph "87" of the Amended Complaint, except admit that plaintiff's post-observation meeting with defendant Chin was held on January 9, 2008.

89.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "88" of the Amended Complaint.

90.     Deny the allegations set forth in paragraph "89" of the Amended Complaint, except admit that plaintiff failed to present defendant Chin with the documentation requested of all teachers by the designated deadline.

91.     Deny the allegations set forth in paragraph "90" of the Amended Complaint.

92.     Deny the allegations set forth in paragraph "91" of the Amended Complaint.

93.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "92" of the Amended Complaint.

94.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "93" of the Amended Complaint.

95.     Deny the allegations set forth in paragraph "94" of the Amended Complaint.

96.     Deny the allegations set forth in paragraph "95" of the Amended Complaint.

97.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "96" of the Amended Complaint.

98.     Deny the allegations set forth in paragraph "97" of the Amended Complaint.

99.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "98" of the Amended Complaint.

100.    Deny the allegations set forth in paragraph "99" of the Amended Complaint.

101.    Deny the allegations set forth in paragraph "100" of the Amended Complaint.

102.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "101" of the Amended Complaint.

103.    Deny the allegations set forth in paragraph "102" of the Amended Complaint.

104.    Deny the allegations set forth in paragraph "103" of the Amended Complaint.

105.    Deny the allegations set forth in paragraph "104" of the Amended Complaint.

106.    Deny the allegations set forth in paragraph "105" of the Amended Complaint.

107.    Deny the allegations set forth in paragraph "106" of the Amended Complaint, except admit that plaintiff failed to comport her examinations to the requirements given to all teachers under defendant Chin's supervision.

108.    Deny the allegations set forth in paragraph "107" of the Amended Complaint.

109.    Deny the allegations set forth in paragraph "108" of the Amended Complaint.

110.    Deny the allegations set forth in paragraph "109" of the Amended Complaint.

111.    Deny the allegations set forth in paragraph "110" of the Amended Complaint.

112.    Deny the allegations set forth in paragraph "111" of the Amended Complaint.

113.    Deny the allegations set forth in paragraph "112" of the Amended Complaint.

114.   Deny the allegations set forth in paragraph "113" of the Amended Complaint.

115.   Deny the allegations set forth in paragraph "114" of the Amended Complaint, except admit, upon information and belief, that plaintiff dually filed a complaint of employment discrimination with the New York State Division of Human Rights ("SDHR"), Case No 10124217 and the Equal Employment Opportunity Commission ("EEOC"), Charge number 16GA8030205 on or about March 17, 2008.

116.   Deny the allegations set forth in paragraph "115" of the Amended Complaint, except admit that the EEOC  issued a right to sue letter to plaintiff, dated March 10, 2009.

117.   Deny the allegations set forth in paragraph "116" of the Amended Complaint.

118.   In response to paragraph "117" of the Amended Complaint, defendants repeat and reallege their responses set forth in paragraphs "1" through "116" inclusive of their answer as if fully set forth herein.

119.   Deny the allegations set forth in paragraph "118" of the Amended Complaint.

120.   Deny the allegations set forth in paragraph "119" of the Amended Complaint.

121.   Deny the allegations set forth in paragraph "120" of the Amended Complaint.

122.    In response to paragraph "121" of the Amended Complaint, defendants repeat and reallege their responses set forth in paragraphs "1" through "120" inclusive of their answer as if fully set forth herein.

123.    Deny the allegations set forth in paragraph "122" of the Amended Complaint, except admit that plaintiff is a tenured teacher with the DOE.

124.    Deny the allegations set forth in paragraph "123" of the Amended Complaint.

125.    Deny the allegations set forth in paragraph "124" of the Amended Complaint.

126.    In response to paragraph "125" of the Amended Complaint, defendants repeat and reallege their responses set forth in paragraphs "1" through "124" inclusive of their answer as if fully set forth herein.

127.    Deny the allegations set forth in paragraph "126" of the Amended Complaint.

128.    Deny the allegations set forth in paragraph "127" of the Amended Complaint.

129.    Deny the allegations set forth in paragraph "128" of the Amended Complaint.

130.    In response to paragraph "129" of the Amended Complaint, defendants repeat and reallege their responses set forth in paragraphs "1" through "128" inclusive of their answer as if fully set forth herein.

131.    Deny the allegations set forth in paragraph "130" of the Amended Complaint.

132.    Deny the allegations set forth in paragraph "131" of the Amended Complaint, except admit upon information and belief that upon plaintiff's request, her complaint of discrimination filed with the SDHR was dismissed for administrative convenience.

133.    In response to paragraph "132" of the Amended Complaint, defendants repeat and reallege their responses set forth in paragraphs "1" through "131" inclusive of their answer as if fully set forth herein.

134.    Deny the allegations set forth in paragraph "133" of the Amended Complaint.

**FOR A FIRST DEFENSE:**

135.    The Amended Complaint fails to state a claim, in whole or in part, upon which relief may be granted.

**FOR A SECOND DEFENSE:**

136.    At all times relevant to the acts alleged in the Amended Complaint, defendants' conduct was reasonable, proper, lawful, constitutional, made in good faith and and did not violate any applicable law, rule or regulation.

**FOR A THIRD DEFENSE:**

137.    Defendants exercised reasonable care to prevent and correct promptly any of the actions or inactions about which plaintiff complains.  Plaintiff unreasonably failed to take advantage of the preventive and corrective opportunities provided by defendants.

**FOR A FOURTH DEFENSE:**

138.    Defendants had legitimate business reasons for taking any of the alleged discriminatory and/or retaliatory acts complained of by plaintiff.

**FOR A FIFTH DEFENSE:**

139.    All or part of the claims asserted in the Amended Complaint are barred by the applicable statute of limitations.

**FOR A SIXTH DEFENSE:**

140.    The conduct complained of may consist of nothing more than what a reasonable victim of discrimination would consider petty slights and trivial inconveniences, and thus plaintiff's claims under the New York City Human Rights Law must be dismissed.

**FOR A SEVENTH DEFENSE:**

141.    The individually named defendants are qualifiedly immune from suit.

**FOR AN EIGHTH DEFENSE:**

142.    Plaintiff's claims are barred, in whole or in part, by her failure to comply with notice of claim requirements.

**FOR A NINTH DEFENSE:**

143.    The Amended Complaint's request for punitive damages is barred, in whole or in part, because punitive damages are not available against a government or a governmental subdivision.

**FOR A TENTH DEFENSE:**

144.    The damage claims contained in the Amended Complaint are barred, in whole or in part, by plaintiff's failure to mitigate damages.

**FOR AN ELEVENTH DEFENSE:**

145.    Plaintiff's claims under the ADEA are time-barred because, upon information and belief, plaintiff commenced this action more than 90 days after receipt of a right to sue letter from the EEOC.

## **FOR A TWELFTH DEFENSE:**

146.   Any claims in the complaint under the ADEA which accrued more than 300 days prior to plaintiff's filing of his charge of discrimination with the EEOC are time-barred.

## **FOR A THIRTEENTH DEFENSE**

147.   The individually named defendants are not subject to suit under the ADEA.

## **FOR A FOURTEENTH DEFENSE:**

148.   The damage claims contained in the Amended Complaint are barred, in whole or in part, because only pecuniary damages are permitted under the ADEA.

## **FOR A FIFTEENTH DEFENSE**

149.   The City of New York is not a proper party.

**WHEREFORE**, defendants respectfully request that the Amended Complaint be dismissed in its entirety and the relief sought therein be denied in all respects, with costs and disbursements.

Dated:      New York, New York
            July 24, 2009

                                    MICHAEL A. CARDOZO
                                    Corporation Counsel of the
                                      City of New York
                                    Attorney for Defendants
                                    100 Church Street, Room 2-300
                                    New York, New York 10007
                                    (212) 788-0924

                              By:           /s/
                                      Andrez Carberry
                                    Assistant Corporation Counsel

TO:     Aaron David Frishberg, Esq., (Via ECF)
           *Attorney for Plaintiff*
           116 W. 111th Street,
           New York, NY 10026
           Tel.: 212-740-4544
           Fax: 212-222-2680
           Email: Frishberga@aol.com

Docket No. 09-CV-5348 (GEL)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KATHARINE DAWSON, Ph.d.,

Plaintiff,

-against-

CITY OF NEW YORK, RICHARD CHIN, AND
TIMOTHY TIMBERLAKE,

Defendants.

**ANSWER TO THE AMENDED COMPLAINT**

*MICHAEL A. CARDOZO*
*Corporation Counsel of the City of New York*
*Attorney for Defendants*
*100 Church Street, Room 2-300*
*New York, NY  10007*

*Of Counsel:  Andrez Carberry*
*Tel:  (212) 788-0924*
*Matter no.: 2009-020906*

*Due and timely service is hereby admitted*

*New York, N.Y.  ........................................... , 200 . . .*

*........................................................................ Esq.*

*Attorney for ..............................................................*